NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRLENY ARACELI LOPEZ POLANCO; et al.,* <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-441 <br><br> Agency No. <br> A209-421-903 <br> A209-241-904 <br><br> MEMORANDUM** |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2025***

Before:     SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Mirleny Araceli Lopez Polanco and her child, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals' order

---

*         The clerk will update the docket to include S.A.A.L., A209-241-904, as a petitioner.

**        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

***       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from an immigration judge's decision denying their application for asylum and Lopez Polanco's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum claim fails.

Because Lopez Polanco failed to show any nexus to a protected ground, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We need not reach petitioners' remaining contentions regarding the merits of their claims because nexus is dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

2                                                                          21-441

Substantial evidence also supports the agency's denial of CAT protection because Lopez Polanco failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

To the extent petitioners raise a new particular social group for the first time in their opening brief, it is not properly before the court because they did not raise it before the agency. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**